UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Complaint of STAR & CRESCENT BOAT CO., a Nevada corporation, dba FLAGSHIP CRUISES & EVENTS, for exoneration from, or limitation of, liability,<br><br>     Plaintiff-in-Limitation, | Case No.: 3:21-cv-00482-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

  The matter pending before the Court is the Motion for Approval of Plaintiff's Ad Interim Stipulation of Value filed by Plaintiff-in-Limitation Star & Crescent Boat Co. dba Flagship Cruises & Events. (ECF No. 3).

**I. PROCEDURAL BACKGROUND**

  On March 18, 2021, Plaintiff-in-Limitation Star & Crescent Boat Co. dba Flagship Cruises & Events filed a Complaint, as owner of the vessel named PATRIOT, U.S. Coast Guard Official No.: 1246882, and her engines, tackle, and appurtenances, if any (the "Vessel"), for exoneration from or limitation of liability, civil and maritime, pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 et seq., and within the meaning of Federal Rules of Civil Procedure 9(h) and 38(e) and Supplemental Rule F of the Federal Rules of Civil Procedure, for all losses, injuries, damages, and deaths resulting or arising

from a large wake which struck the Vessel on September 19, 2020 off the coast of San Diego, California, as set forth and alleged in the Complaint. *See* ECF No. 1.

On the same day, Plaintiff-in-Limitation filed a Motion for Approval of Plaintiff's Ad Interim Stipulation of Value, requesting

> Under the authority of Rule F(1) of the Supplemental Rules, Plaintiff requests that the Court issue an order approving its Ad Interim Stipulation of Value in lieu of any other form of security.
>
> Under the authority of Rule F(3) of the Supplemental Rules, Plaintiff requests that the Court issue an order that all claims against the Plaintiffs arising out of the incident must now "cease" and/or be otherwise enjoined from prosecution.
>
> Under the authority of Rule F(4) of the Supplemental Rules, Plaintiff requests that the Court issue an order directing any and all claimants to file any and all claims arising out of the incident in this matter action only.

(ECF No. 3 at 4).

## II. DISCUSSION

Plaintiff-in-Limitation has submitted a declaration by Plaintiff-in-Limitation's President, stating that "[a]t the end of the subject voyage on September 19, 2020, the net value of the Vessel was estimated to be $775,000" and that "the total value of the Plaintiffs' interests in the Vessel did not exceed $775,000 at the end of the voyage [on] September 19, 2020." (ECF No. 1-3 at 2). Plaintiff-in-Limitation "and its underwriters have filed an *Ad Interim* Stipulation of Value for $775,000, the value of the Vessel at the end of the subject voyage on September 19, 2020", as security for the amount or value of Plaintiff-in-Limitation's interest in the Vessel, if any. (ECF No. 3-1 at 4; *see also* ECF No. 4). Rather than deposit a sum equal to the Vessel's value with the Court, Plaintiff-in-Limitation agrees "to abide by all orders of this Court, interlocutory or final, and to pay the amount awarded by the final judgment rendered to claimants in this action by this Court, if any, or by any appellate court, if an appeal intervenes, provided that this obligation shall not exceed $775,000 with interest at six percent (6%) per annum thereon from this date."

(ECF No. 3-1 at 4; *see also* ECF No. 4 at 2). Plaintiff-in-Limitation further agrees to "provide security for costs in the amount of $500, as required by Local Rule F.1." (ECF No. 3-1 at 4). The Supreme Court has approved the use of this kind of security in limitation actions. *See Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 218-19 (1927) ("Whenever a stipulation is taken in an admiralty suit, for the property subjected to legal process and condemnation, the stipulation is deemed a mere substitute for the thing itself, and the stipulators liable to the exercise of all those authorities on the part of the court, which it could properly exercise, if the thing itself were still in its custody.").

It appears that claims will be made against Plaintiff-in-Limitation for losses or damages arising out of, or in some manner connected with the matters set forth in the Complaint.

Plaintiff-in-Limitation will now deposit with this Court, for the benefit of the claimants, the sum of Five Hundred Dollars ($500.00) as security for court costs under Local Civil Rule F.l.

Plaintiff-in-Limitation has complied with Supplemental Admiralty Rule F(l) requiring posting security for the Vessel. This ruling is without prejudice to the due appraisal of Plaintiff-in-Limitation's interest in the Vessel and any claimant's demand the deposit or security be increased in accordance with Supplemental Admiralty Rule F(7). Pursuant to Rule F(7), any claimants who may properly become a party hereto may contest the amount or value of Plaintiff-in-Limitation's interest in the subject Vessel and may move the Court for due appraisal of said interest and may apply to have the amount of said stipulation increased or diminished as the case may be.

### III.   CONCLUSION

IT IS HEREBY ORDERED that the Motion for Approval of Plaintiff's Ad Interim Stipulation of Value filed by Plaintiff-in-Limitation Star & Crescent Boat Co. dba Flagship Cruises & Events (ECF No. 3) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall forthwith accept from Plaintiff-in-Limitation such sums as are required to be deposited with the Complaint pursuant to the Supplemental Rules for Certain Admiralty and Marine Claims F(l).

IT IS FURTHER ORDERED

1. that the above-described Ad Interim Stipulation for Value deposited by the Plaintiffs with the Court for the benefit of claimants, in the sum of $775,000 with interest at six percent (6%) per annum, as security for the amount or value of the Plaintiffs' interest in the Vessel, if any, is hereby approved;

2. that a notice and monition hereby issues out of, and under the seal of, this Court to and against all persons and entities claiming losses, damages, injuries, or death resulting or arising from the subject voyage of the Vessel on September 19, 2020, admonishing them to appear and file their respective claims and answers with the Clerk of this Court on or before 30 days after the filing of this Order, and to make due proof of their respective claims in such manner as may hereinafter be directed by further order of this Court, with liberty to any claimants who have duly filed their claims to answer the Plaintiffs' Complaint and to file such answer with the Clerk of this Court on or before the date specified above at U.S. District Court, Southern District of California, 221 West Broadway, San Diego, CA 92101, and serve on or mail a copy thereof to Plaintiffs' attorneys, Cox, Wootton, Lerner, Griffin & Hansen LLP, Terence S. Cox/Mark E. Tepper/Edward F. Sears, 900 Front Street, Suite 350, San Francisco, CA 94111, or be DEFAULTED AND FOREVER BARRED;

3. that the Plaintiff shall give public notice of said monition pursuant to Federal Rules of Civil Procedure, Supplemental Rule F(4) for Certain Admiralty and Maritime Claims, by causing such notice to be published in a newspaper of general circulation in San Diego, California, once per week for four consecutive weeks prior to the deadline set out above for the filing of claims. The form of the notice shall conform substantially with the Notice to Claimants of Limitation

of Liability Action and notice for publication concurrently submitted by the Plaintiff, and included in its pleadings, and is approved by this Court; and,

4. that not later than the date of the second publication of said notice, the Plaintiff shall mail a copy of said notice to every person and entity known to have made any outstanding claim against the Plaintiff or the Vessel arising from the subject voyage; and,

5. that the institution or prosecution of any suit, action, or other legal or administrative proceeding of any nature in any venue (outside these proceedings) against the Plaintiff or the Vessel, regarding any claim resulting or arising from the subject voyage ARE HEREBY ENJOINED, STAYED, AND RESTRAINED, said injunction to remain in effect until the determination of this action in this Court; and,

6. that service of this order as an Injunction shall be made by delivering a certified copy hereof to the person or persons to be enjoined, or to their respective attorneys or representatives.

IT IS SO ORDERED.

Dated: April 5, 2021

Hon. William Q. Hayes
United States District Court