UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR & CRESCENT BOAT CO., d/b/a FLAGSHIP CRUISES & EVENTS,<br><br>                  Plaintiff-in-Limitation,<br><br>v.<br><br>L.M., J.M., and J.M., minors by and through their guardian ad litem, Elena Martinez,<br><br>                  Minor Claimants. | Case No.: 3:21-cv-00482-WQH-BLM<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING MINORS' PETITION FOR APPROVAL OF SETTLEMENT AND COMPROMISE OF MINORS' CLAIMS**<br><br>**[ECF No. 29]** |

Before the Court is the *ex parte* petition of Elena Martinez, grandmother and court-appointed guardian *ad litem* of minor claimants L.M. (14-year-old), J.M.1 (11-year-old), and J.M.2 (7-year-old) ("Minor Claimants"), for approval of the compromise of Minor Claimants' disputed claims. ECF No. 29. This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California. After reviewing the Petition and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that the District Court **GRANT** the Petition.

//

//

## I. BACKGROUND

Claimants L.M., J.M.1 and J.M.2 are minors appearing by and through their grandmother and court appointed guardian *ad litem*, Elena Martinez. ECF No. 29. This matter arises from an incident when Minor Claimants, along with their parents, sustained injuries while passengers on a boat that was owned and operated by Plaintiff-in-Limitation, Star & Crescent Boat Co., doing business as Flagship Cruises & Events ("Flagship"). ECF No. 29 at 2. *See also* ECF No. 1 ¶¶ 6, 15.

### a. Initial Claim

Claimants are a family of five: Elizabeth Muñoz (mother), Santiago Muñoz (father), L.M. (14-year-old), J.M.1 (11-year-old), and J.M.2 (7-year-old). ECF No. 29 at 2. On September 19, 2020, Claimants purchased tickets to take a tour of the San Diego Harbor on one of Flagship's boats. *Id*. Claimants were injured when the Flagship vessel struck a large wake. *Id*. Claimant Elizabeth Muñoz sustained significant injuries, including multiple fractures that required emergency spinal fusion surgery. *Id*. Claimant Santiago Muñoz also sustained injuries to his neck and back. *Id*. Minor Claimants L.M., J.M.1, and J.M.2 sustained soft tissue injuries, which their medical providers confirmed have healed. *See* ECF No. 29-2 at 2, Kindley Decl. ¶ 3; *see also* Kindley Decl. Ex. A. Each Minor Claimant incurred less than $1,000.00 in medical bills. *Id.*; Kindley Decl. ¶ 10.

On January 25, 2021, Claimant Elizabeth Muñoz filed a lawsuit against Flagship in San Diego Superior Court. Claimants Santiago Muñoz, L.M., J.M.1, and J.M.2 were not parties to that action. ECF No. 29 at 2.

On March 18, 2021, Flagship filed its Complaint for Limitation of Liability in this Court pursuant to 46 U.S.C. §§ 30501, *et seq.* ECF No. 1. Flagship filed this action under admiralty and maritime law within the meaning of Federal Rules of Civil Procedure 9(h), 38(e), and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims. The claim was within the admiralty and maritime jurisdiction of the Court pursuant to 28 U.S.C. § 1333. On the same day, Flagship filed a Motion for Approval of Flagship's Ad Interim Stipulation of Value, seeking to limit its liability of all claims to the value of

the vessel involved ($775,000.00). ECF No. 3. The Court granted that Motion on April 5, 2021, requiring Plaintiff-in-Limitation to deposit $775,000 (with an interest rate of 6% per annum) with the Court for the benefit of potential claimants, setting a deadline of 30 days for all claimants to appear and file their respective claims in this case and to answer the Complaint, and permitting any claimants to contest the value of Plaintiff-in-Limitation's interest in the vessel. ECF No. 7.

In response, Claimants Elizabeth Muñoz, Santiago Muñoz, L.M., J.M.1, and J.M.2 provided notice of their claims. On May 4, 2021, Claimants filed their Answer and Affirmative Defenses to Flagship's Complaint for Limitation of Liability. ECF No. 9. Simultaneously, Claimants also filed the petition of Elena Martinez to serve as guardian *ad litem* for her minor grandchildren, which the Court granted. ECF Nos. 10 and 14.

### b. Terms of Settlement

On August 9, 2021, the Court held an Early Neutral Evaluation Conference ("ENE") with all claimants and their respective counsel before Magistrate Judge Barbara L. Major. ECF No. 22. The ENE resulted in all nine of the claimants[1] reaching a global settlement with Flagship for the global sum of $2,000,000.00. ECF No. 29 at 3. Judge Major and the parties to the settlement determined that it would be fair and appropriate for the Muñoz family to accept the following amounts from the global settlement sum to resolve their respective claims:

1. Elizabeth Muñoz (44 years old) - $985,000.00;
2. Santiago Muñoz (44 years old) - $115,000.00;
3. L.M. (14 years old) - $25,000.00;
4. J.M.1 (11 years old) - $25,000.00; and

---

[1] Although not pertinent to the instant petition, four other claimants appeared and filed Answers in the case in addition to the Muñoz family. ECF Nos. 8, 11. All references to "Claimants" in this Order refer solely to the Muñoz family, unless explicitly stated otherwise.

      5.  J.M.2 (7 years old) - $25,000.00.

ECF No. 29 at 3-4 (totaling $1,175,000).

Additionally, Claimants agreed that all litigation costs incurred by the Muñoz family would be paid exclusively out of Claimants Elizabeth Muñoz and Santiago Muñoz's settlement shares, as would any right to reimbursement and/or lien for their children's medical care. *Id.* at 4. Thus, the only proposed deduction from each Minor Claimant's gross settlement recovery is the 25% contingency fee for Claimants' attorney fees. *Id*. Therefore, each minor Claimant will receive net settlement proceeds of $18,750.00, which they plan to disburse as follows:

1. **L.M**. - The $18,750.00 net settlement funds are to be placed in a blocked account set up in his name at a state financial institution (Bank of America).
2. **J.M.1** - The $18,750.00 net settlement funds are to be placed in a structured settlement annuity through Sage Settlement Consulting. ECF No. 29-2 at 68.
3. **J.M.2** - The $18,750.00 net settlement funds are to be placed in a structured settlement annuity through Sage Settlement Consulting. ECF No. 29-2 at 70.

Minor Claimants' guardian *ad litem*, Elena Martinez, filed the instant petition for approval of the Minors' compromise on August 30, 2021. ECF No. 29. Pursuant to the applicable briefing schedule, Plaintiff-in-Limitation was required to file any opposition to the petition by September 16, 2021. ECF No. 27 at 2. No opposition was filed. On September 23, 2021, Claimants filed a Notice of Non-Opposition by Plaintiff-in-Limitation to Claimants' Petition for Approval of Settlement and Compromise of Minors' Claims, requesting the Court consider the matter fully briefed given the lack of opposition. ECF No. 30. The undersigned did so, taking the matter under submission on September 27, 2021 without oral argument pursuant to Local Rule 7.1(d)(1). ECF No. 31.

## II.     LEGAL STANDARD

It is well-settled that courts have a special duty to safeguard the interests of litigants who are minors in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* FED. R. CIV. P. 17(c) (district courts "must

appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*."). To facilitate courts within this district fulfilling the duty to safeguard, Local Rule 17.1(a) provides that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR. 17.1(a).[2]

The Ninth Circuit has established that courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. They should also "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id*. at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to

---

[2] This evaluation requires the Court to determine if the settlement is in the best interests of the minor, by considering not only the fairness of the settlement, but the structure and manner of the plan for the payment and distribution of the assets for the benefit of the minor. Under the Local Rules, parties must submit the settlement to a magistrate judge for preliminary review of the structural components. *See* CivLR 17(a) ("All settlements and compromises must be reviewed by a magistrate judge before any order of approval shall issue.").

5

each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Robidoux*, 638 F.3d at 1182.

Significantly, the Ninth Circuit limited its decision in *Robidoux* to "cases involving the settlement of a minor's ***federal*** claims." *Id.* at 1181–82 (emphasis added). Where a settlement involves state law claims, federal courts are generally guided by state law rather than the *Robidoux* framework. *J.T. by & Through Wolfe v. Tehachapi Unified Sch. Dist.*, No. 116-CV-01492-DAD-JLT, 2019 WL 954783, at *2 (E.D. Cal. Feb. 27, 2019). *See also A.M.L. v. Cernaianu*, No. LA CV12-06082 JAK (RZx), 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014) (collecting cases). The *A.M.L.* court noted that, although federal courts generally require claims by minors to "be settled in accordance with applicable state law," the Ninth Circuit in *Robidoux* held such an approach "places undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs." *Id.* at *2 (quoting *Robidoux*, 638 F.3d at 1181) (other citation omitted). *But see Mitchell v. Riverstone Residential Grp.*, No. CIV. S-11-2202 LKK, 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) ("[A] number of district courts have applied the rule provided in *Robidoux* to evaluate the propriety of a settlement of a minor's state law claims as well") (collecting cases).

Just like federal claims, a minor's settlement of state law claims must also be approved by the Court. The California Probate Code provides the applicable statutory scheme for approval of a minor's compromise under state law. *See* Cal. Prob. Code §§ 3601 *et seq*. Under California law, the Court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor. *A.M.L.*, 2014 WL 12588992, at *3 (citations omitted). In carrying out that task, the Court is afforded "broad power . . . to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (Cal. Ct. App. 1994). *See also Pearson v. Superior Court*, 136 Cal. Rptr. 3d 455, 459 (Cal.

Ct. App. 2012) (explaining that the purpose of requiring court approval of a minor's settlement is to "allow[] the guardians of a minor to effectively negotiate a settlement while at the same time protect[ing] the minor's interest by requiring court approval before the settlement can have a binding effect on the minor").

Because the Minor Claimants never brought suit against Plaintiff-in-Limitation under state law, instead asserting their claims for the first time in this federal maritime action, the Court will review the settlement under the *Robidoux* standard of determining whether the net amount distributed to the minor plaintiffs is "fair and reasonable," without regard to the proportion of the settlement allocated to adult co-claimants or attorney fees. However, the Court notes that under either the state law standard (focusing on the best interests of the minor) or the federal standard, the outcome would be the same. *See A.M.L.*, 2014 WL 12588992, at *3 (finding it unnecessary for the court to resolve whether *Robidoux* or state rules applied to approval of minor's compromise in case involving state tort law claims, because the proposed settlement would satisfy both standards).

### III. DISCUSSION

During the ENE, with the assistance of Judge Major, Claimants decided to settle the case with the understanding that if the settlement is approved by the Court, Claimants will be forever barred from seeking any further recovery or compensation from Flagship. ECF No. 29 at 4-5. The undersigned has been assigned to this matter (ECF No. 23) to fulfill the special duty of the Court to safeguard the interests of the minors in such a situation. To do so, the Court will analyze the proposed settlement, the method of disbursing Minor Claimants' net recovery, and the proposed attorney fees and costs.

#### a. Proposed Net Settlement Amounts for the Minor Claimants

In reviewing a petition to approve a minor's compromise, "courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts." *J.T.*, 2019 WL 954783, at *2. Taking all relevant considerations into account, the Court finds that the

proposed net recovery of $18,750 for each Minor Claimant is fair, reasonable, and in Minor Claimants' best interests, considering the facts and circumstances of this action. The proposed settlement allows for certainty of recovery for Minor Claimants, as opposed to the uncertainty associated with a jury verdict. Although Minor Claimants suffered soft tissue injuries, they did not sustain any permanent physical injuries. Furthermore, the record does not indicate that Minor Claimants have sought treatment for any other physical or emotional injuries related to the incident.

Additionally, counsel for the Claimants notes in his declaration that he and his clients "believe [] the $25,000.00 settlement for the minors to be a great result since their [special damages] were so low, their treatment long since completed, and their physical injuries resolved." Kindley Decl. ¶ 6. The Court has performed its own review of cases involving facts similar to those at issue here, and finds the case law bears out counsel's assertion. The Minor Claimants' net recovery of $18,750 each does notably exceed the typical recoveries garnered by settling minors who, like the Minor Claimants in this action, suffered only slight injuries without long-term or permanent effects. *See*, *e.g.*, *Motlagh v. Macy's Corp. Servs., Inc.*, No. 19-CV-00042-JLB, 2020 WL 7385836, at *5 (S.D. Cal. Dec. 16, 2020) (finding fair and reasonable a net settlement amount of $6,952.19 for personal injury claims of a minor who suffered pain and sustained minor physical injuries, including lacerations, abrasions, and contusions); *Leon v. United States*, No. 1:09-cv-00439 JLT, 2011 WL 13239534 (E.D. Cal. Mar. 29, 2011) (finding fair and reasonable an $8,500 net settlement for the personal injury claims of a minor plaintiff involved in a car accident, where the minor's injuries included a bruised forehead and temporary post-traumatic stress disorder); *S.C. v. Alaska Airlines, Inc.*, 2021 WL 3080631 (C.D. Cal. July 20, 2021) (finding fair and reasonable a net settlement of $9,888.84 for personal injury claims of a minor who suffered an anaphylactic reaction but did not sustain any permanent physical injuries); *K.B. v. City of Visalia*, No. 115-CV-01907-AWI-EPG, 2016 WL 5415668, at *1, *4 (E.D. Cal. Sept. 27, 2016) (approving a net recovery of $11,685.15 to a minor who suffered bruises and marks on his wrists and back after being handcuffed and roughly handled by a police

officer, but who did not require medical attention for his physical injuries); *De La Cruz v. U.S. Postal Serv.*, No. 108CV0018OWWDLB, 2010 WL 319670, at *1-*2 (E.D. Cal. Jan. 20, 2010), *report and recommendation adopted*, No. 1:08CV0018 OWW DLB, 2010 WL 624432 (E.D. Cal. Feb. 17, 2010) (approving a net recovery of $3,750.00 to a minor plaintiff who suffered loss of consciousness, laceration to the mouth, contusions, and stitches to the interior of his mouth as a result of a motor vehicle collision with a mail carrier truck, but who had "made a full and complete recovery").

Based upon these recoveries in similar actions, consideration of the facts, the non-severe nature of Minor Claimants' injuries (particularly in comparison to their mother's very severe injuries—a relevant factor under state law), the relatively low medical bills incurred by the Minor Claimants, and the risks associated with trial, the Court concludes the proposed net settlement amount of $18,750 for each Minor Claimant is fair and reasonable under both California and federal law standards.

### b. Method of Disbursement

Under the California Probate Code, various alternative methods are available for disbursement of the funds of a settlement of a minor. *See* CAL. PROB. CODE §§ 3600 *et. seq*. Here, guardian *ad litem* Ms. Martinez requests that L.M.'s net settlements be deposited in an insured account, subject to withdrawal only upon authorization of the Court (i.e., a "blocked account"). ECF No. 29 at 4. Specifically, Ms. Martinez proposes that the balance of L.M.'s settlement profits will be placed in a blocked account set up in L.M.'s name at the Bank of America branch located at 15742 Whittier Blvd., Whittier, CA 90603, with disbursements to be made when L.M. turns eighteen years of age. ECF No. 29 at 4. *See also* Kindley Decl. ¶ 7. This procedure for disposition of the funds—placing them in a financial institution subject to withdrawal only by Court order—is consistent with Section 3611(b) of the California Probate Code, which authorizes the court, if it is in the best interests of the minor, to order the settlement funds to be deposited "in an insured account in a financial institution in this state . . . subject to withdrawal only upon the authorization

of the court[.]" Cal. Prob. Code § 3611(b).³ Thus, the terms of the proposed blocked account adequately protect L.M.'s interests by providing that no withdrawal of L.M.'s net settlement proceeds may be made from the account absent a court order until L.M. reaches the age of majority. *See* Kindley Decl. ¶¶ 7-8.

Additionally, Ms. Martinez requests that J.M.1 and J.M.2's net settlement funds be placed in separate structured settlement annuities through Sage Settlement Consulting, which would use rates from United of Omaha Life Insurance Company. Kindley Decl. ¶ 7; ECF No. 29-2 at 68, 70. The Court has considered the structured annuity quotes provided by Sage Settlement Consulting and the methods of disbursement chosen by Minor Claimants' guardian *ad litem*. ECF No. 29-2 at 68, 70. Like the blocked account for L.M.'s proceeds, this proposed method of disbursement finds a parallel in California probate law under Cal. Prob. Code § 3602(b). Pursuant to this method of disbursement, the balance of J.M.1 and J.M.2's settlement profits ($18,750 each) will be placed in separate accounts, with disbursements to be made when J.M.1 and J.M.2 turn eighteen years of age. *Id*. Upon their eighteenth birthdays, J.M.1 will receive a guaranteed lump sum payment of $19,780.99, and J.M.2 will receive a guaranteed lump sum payment of $22,630.43. *Id*. The Court finds the terms of these annuities adequately protect J.M.1 and J.M.2's interests by providing that all the net settlement proceeds be released only to them, and only after they have reached the age of majority.

The Court finds that the guardian *ad litem*'s proposed methods of disbursement of each Minor Claimant's net settlement proceeds are fair, reasonable, and within the bounds of applicable law. Accordingly, the undersigned will recommend that the Court approve the proposed distribution of each minor's net settlement proceeds set forth in the petition.

---

³ Although the Minor Claimants in this case were not involved in the underlying state court action and thus do not have state law claims, California probate law governing minors' settlements generally provides a useful framework to the Court in gauging the propriety of the proposed method of disbursement of the minors' settlement funds.

### c. Attorney Fees and Costs

Attorney fees and costs are typically controlled by statute, local rule, or local custom. Fees in minors' cases have historically been limited to 25% of the gross recovery. *See*, *e.g.*, *DeRuyver v. Omni La Costa Resort & Spa, LLC*, No. 3:17-CV-0516-H-AGS, 2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020); *Mitchell v. Riverstone Residential Grp.*, No. 2:11-cv-02202-LKK-CKD, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013); *McCue v. South Fork Union Sch. Dist.*, NO. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666, at *2 (E.D. Cal. Jul. 23, 2012); *Welch v. Cty. of Sacramento*, No. 2:07-cv-00794-GEB-EFB, 2008 WL 3285412, at *1 (E.D. Cal. Aug. 5, 2008); *Red v. Merced Cty.*, No. 1:06-cv-01003-GSA, 2008 WL 1849796, at *2 (E.D. Cal. Apr. 23, 2008). In California, courts are required to approve the attorney fees to be paid for representation of a minor. *See* CAL. PROB. CODE § 2601; Cal. Rule of Ct. 7.955.[4] In instances where a contingency fee has been proposed, "most courts require a showing of good cause to award more than 25% of any recovery" whereas a greater reward is "rare and justified only when counsel proves that he or she provided extraordinary services." *Schwall v. Meadow Wood Apts.*, No. CIV. S-07-0014 LKK, 2008 WL 552432, at *1-*2 (E.D. Cal. Feb. 27, 2008) (internal quotation marks omitted).

The attorney for the Minor Claimants seeks $6,250.00 in attorney fees from each minor claimant, a sum that represents an agreed-upon 25% of each of their gross settlement proceeds and a total of $18,750.00. ECF No. 29 at 4.

The Court finds Claimants' request for attorney fees to be permitted under the usual historical limits. *See* 28 U.S.C. § 2678; *Napier v. San Diego*, No. 15-cv-581-CAB-KSC, 2017 WL 5759803, at *9 (S.D. Cal. No. 20, 2017). Given the duration of this case, the

---

[4] Similarly, San Diego Superior Court Civil Rule 2.4.6.2 states that, regarding a minor's compromise, "the court will determine the amount of costs, expenses, and attorney's fees to be allowed from the proceeds of the settlement. Absent extraordinary circumstances, attorney's fees will not exceed 25% of the gross proceeds of the settlement."

amount of work performed by Claimants' counsel, and the fee request's adherence to the historically applied limit in cases involving minors, the Court finds that the requested amount of attorney fees is reasonable and does not suggest that the settlement is unfair.

### IV.   CONCLUSION

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) adopting this Report and Recommendation; and (2) **GRANTING** the Petition for Approval of Settlement and Compromise of Minors' Claims, filed by the Minor Claimants' guardian *ad litem* Elena Martinez (ECF No. 29).

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party to this action may file written objections with the Court and serve a copy on all parties no later than **November 1, 2021**. The document should be captions "Objections to Report and Recommendation." If objections are filed, any reply is due by **November 8, 2021**.

Although the federal statutory scheme provides for a 14-day objections period to a Magistrate Judge's Report and Recommendation, the undersigned notes that the Petition in this case is apparently unopposed. *See* ECF No. 30. Therefore, **if all parties wish to waive the objections period, they should file a joint stipulation to that effect immediately**, to allow the Court to adopt this Report and Recommendation without further delay. However, there shall be no adverse consequences to any party who files objections or otherwise chooses not to waive the objections period.

Dated:  October 18, 2021

Honorable Allison H. Goddard
United States Magistrate Judge